TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — (OTHER)

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.

MIDDLESEX , ss
[seal]

_Stephen Pascarella_ Plaintiff(s)

v.

_Scheidt & Bachmann, USA, Inc._, Defendant(s)

**04-2315**

DEPUTY SHERIFF
Middlesex County

DATE OF SERVICE

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon _Alicia A. McNeil_

.................................... plaintiff's attorney, whose address is _Six Beacon Street,
Suite 200, Boston, MA 02108_ (617) 263-0193 ........, an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at _40 Thorndike St_.

_Cambridge, MA 02141_ ..... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at ....................................................................................

the ............................................... day of .............................................................

...................., in the year of our Lord ................................... .

_Edward J Sullivan_

Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
   for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

## COMMONWEALTH OF MASSACHUSETTS

**MIDDLESEX, ss.**

**SUPERIOR COURT DEPARTMENT**
**CIVIL ACTION NO.: 04-2315**

|  |  |  |
|---|---|---|
| STEPHEN PASCARELLA<br>    Plaintiff, | ) )<br>) )<br>) ) | |
| v. | ) )<br>) ) | **COMPLAINT** |
| SCHEIDT & BACHMANN USA, INC.,<br>    Defendant. | ) )<br>) )<br>) ) | |

### AMMENDED COMPLAINT AND JURY DEMAND

Stephen Pascarella, ("Pascarella"), by and through his attorney, brings this action against Scheidt & Bachmann USA, Inc., ("Scheidt & Bachmann"), for Fraud, Deceit, and Misrepresentation; Violation of Massachusetts General Laws Chapter 93A, Sections 2,11; Violation of Massachusetts General Laws Chapter 149, Sections 148; Wrongful Termination of Employment; Breach of Covenant of Good Faith and Fair Dealings; and Negligent Infliction of Emotional Distress.

### PARTIES

1)    Pascarella is an individual resident of New Hampshire with an address of 19 Ossipee Lake Drive, Ossipee, New Hampshire.

2)    Scheidt & Bachmann is a corporation organized under the laws of the Commonwealth of Delaware and functions within the state of Massachusetts at an address of 31 North Avenue, Burlington, Massachusetts 01803.

### FACTS COMMON TO ALL COUNTS

3)    Pascarella incorporates allegations 1 and 2 of this Complaint by reference.

1

4)  On or about April of 1998 Pascarella was hired under an employment contract with Scheidt & Bachmann as Technical Documentation Manager for the Fare Collection Systems Division.

5)  The employment contract of Pascarella with Scheidt & Bachman for the position of Technical Documentation Manager for Fare Collection Systems Division was for a six-month probationary period.

6)  At the expiration of the aforementioned six-month probationary contract, which was in or around October 1998, Pascarella entered into a one-year employment agreement with Scheidt & Bachmann as Documentation Manager for Fare Collection Systems Division.

7)  The aforementioned one-year employment agreement promised Pascarella full bonuses not contingent upon sales and profit targets.

8)  In or around October 1999, at the close of the one- year contract, a three-year contract was signed between Pascarella and Scheidt & Bachmann, stating that for the first year of the contract all of Scheidt & Bachmann's criteria relative to bonuses would be waived and bonuses would be granted in their entirety.

9)  The second year of the aforementioned contract stated that fifty per cent (50%) of the bonus would be paid in full and fifty per cent (50%) would be based upon Scheidt & Bachmann's standard company criteria.

10) The third year of the aforementioned contract stated that the entire bonus would be based upon all of the Scheidt & Bachmann's standard criteria.

11) In or around April 2002 the position of Product Training Manager was eliminated at the instruction of Scheidt & Bachmann. As a result, Pascarella was solicited to either enter into an employment contract for the position of Technical Documentation and Training Manager in the Parking Systems Division or suffer a lay off.

12) Bonuses were due to Pascarella from the prior year for the Fare Collection Systems Manager position; however, the new employment contract for Technical Documentation and Training Manager was absent these bonuses and held a salary of $10,000.00 less than the previous employment contract of Pascarella.

2

13)   In April of 2002, Scheidt & Bachmann hired Pascarella as Technical Documentation and Training Manager for the division of Parking Revenue Control Systems.

14)   In January of 2003, Pascarella underwent shoulder surgery and with the instruction of Scheidt & Bachmann, utilized the remainder of his sick days to enable a Short-Term Disability claim to be authorized.

15)   Pascarella was absent work, on Short-Term Disability, until March of 2003.

16)   During Pascarella's short term disability, he negotiated the terms of a new employment contract with Scheidt & Bachmann, and finally accepted Scheidt & Bachmann's offer.

17)   In or around April of 2003, Scheidt & Bachmann reverted Pascarella's above mentioned negotiated employment contract to incorporate an employee-at-will clause.

18)   Also in April of 2003, Scheidt & Bachmann notified Pascarella that there would be no bonus for the past year due to employee failure to reach target sales.

19)   Thereafter, Pascarella questioned Scheidt & Bachmann about its bonus structure and formally requested information from Scheidt & Bachmann reflective of target sales and actual sales.

20)   Around the same time Pascarella began questioning Scheidt & Bachmann about its bonus structure, Scheidt & Bachman notified Pascarella that it had discovered that Pascarella had been overpaid throughout the past eight months, and as such requested that Pascarella reimbursed Scheidt & Bachmann over the next four months or in one lump sum.

21)   In June of 2003, Pascarella was hospitalized for an injury and underwent emergency surgery requiring Pascarella be absent from work for approximately one week.

22)   Pascarella utilized the remainder of his sick days and vacation days throughout the month of June and July of 2003.

23)   Shortly thereafter, Pascarella was notified that Scheidt & Bachmann had an issue with him relative to tardiness.

3

24) In July of 2003, Pascarella received a warning from Scheidt & Bachmann relative to tardiness, and thereafter received a notice of termination from Scheidt & Bachmann.

25) But for Pascarella's questioning of the bonus due him and/or his absences from work, Scheidt & Bachmann would not have terminated him.

### COUNT I
### (FRAUD, DECEIT, AND MISREPRESENTATION)

26) Pascarella incorporates allegations 1-25 of this Complaint by reference.

27) Scheidt & Bachmann entered into several employment contracts for services with Pascarella on or about the dates of April of 1998, October 1999 and April 2002.

28) Scheidt & Bachmann added bonus clauses to its employment contracts in lieu of paying its employees higher salaries.

29) In or around October 2002, while Pascarella and Scheidt & Bachmann negotiated the terms of an employment contract, Pascarella inquired about Scheidt & Bachmann's bonuses relative to the employment contract for Technical Documentation Manager for the Fare Collection Systems Division.

30) At the time of representing anticipated bonuses within the employment contract of Technical Documentation Manager for the Fare Collection Systems Division, Scheidt & Bachmann had full knowledge that the aforementioned representation was not true.

31) Scheidt & Bachmann set forth the aforementioned representation in the spirit of negotiations with Pascarella relative to the employment contract of Manager of Technical Documentation and Training for the Parking Systems Division.

32) Pascarella relied to his detriment on such representations of anticipated bonuses and entered into the employment contract of Manager of Technical Documentation and Training for the Parking Systems Division with Scheidt & Bachmann.

33) Pascarella has been damaged by Scheidt & Bachmann's fraudulent misrepresentations of anticipated bonuses relative to the employment contract of Technical Documentation Manager for the Fare Collection Systems Division, and

4

is entitled to recover all sums anticipated, plus interest from the expected date of receipt of the anticipated bonuses.

## COUNT II
### (VIOLATION OF MASSACHUSETTS GENERAL LAW)
#### Chapter 93A Sections 2, 11

34) Pascarella incorporates allegations 1-33 of this Complaint by reference.

35) Scheidt & Bachmann and Pascarella are engaged in the conduct of trade or commerce within the Commonwealth of Massachusetts, within the meaning of Mass. Gen. L. ch. 93A.

36) When Scheidt & Bachmann fraudulently and deceptively misrepresented information to Pascarella relative to anticipated bonuses within the employment contract of Technical Documentation Manager for the Fare Collection Systems Division, it committed unfair and deceptive acts and practices in violation of Mass. Gen. L. ch. 93A, sec.'s 2, 11.

37) Scheidt & Bachmann's unfair and deceptive conduct occurred primarily and substantially within the Commonwealth of Massachusetts.

38) Pascarella has been damaged by Scheidt & Bachmann's violations of Mass. Gen. L. ch. 93A. Because Scheidt & Bachmann's conduct was knowing and intentional, it is liable to Pascarella for no less than two, and no more than three times the amount of Pascarella's damages, plus attorneys' fees and costs.

## COUNT III
### (VIOLATION OF MASSACHUSETTS GENERAL LAW)
#### Chapter 149 Section 148

39) Pascarella incorporates allegations 1-38 of this Complaint by reference.

40) On or about April of 1998 Scheidt & Bachmann entered into an employment contract with Pascarella for services.

41) On or about the date of May 2003, Scheidt & Bachmann gave notice to Pascarella of miscalculated wages.

42) On or about the date of June of 2003, Scheidt & Bachmann began to remove monies from the wages of Pascarella.

5

43) On or about the date of April 2003, Scheidt & Bachmann failed to produce bonuses as entitled to Pascarella.

44) On or about the date of April of 2003, Scheidt & Bachmann failed to produce bonuses as promised to Pascarella.

45) Pascarella has been damaged by Scheidt & Bachmann's violations of Mass. Gen. L. ch. 149, sec. 148 and as such Pascarella is entitled to recover damages of treble, interests and costs.

## COUNT IV
## (WRONGFUL TERMINATION OF EMPLOYMENT )

46) Pascarella incorporates allegations 1-45 of this Complaint by reference.

47) On or about the dates of January through June of 2003, Pascarella utilized sick days.

48) On or about the date of January through June of 2003, Pascarella utilized vacation days.

49) On or about the date of January through June of 2003, Scheidt & Bachmann instructed Pascarella to utilize vacation days for the purposes of sick leave.

50) On or about the date of February of 2003, Pascarella utilized Short-Term Disability.

51) Scheidt & Bachmann instructed Pascarella to utilize vacation days for the purpose of sick leave, and therefore knew or should have know that Pascarella would be absent from work due to his illness.

52) On or about the date of August of 2003, Scheidt & Bachmann terminated its employment agreement with Pascarella.

53) Scheidt & Bachmann qualified the termination of employment of Pascarella with allegations that Pascarella misused sick and/or vacation days.

54) But for Pascarella's absences from work, Scheidt & Bachmann would not have terminated him.

55) Scheidt & Bachmann wrongfully termination of Pascarella caused, or significantly contributed to causing injuries and damages to Pascarella, including but not limited to loss of earnings; loss of employment related opportunities; and pain

and suffering, mental anguish, and distress, past present and future, and as such, is entitled to recover damages, interests and costs.

## COUNT V
### (BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING)

56) Pascarella incorporates allegations 1-55 of this Complaint by reference.

57) Pascarella and Scheidt & Bachmann were parties to an implied employment agreement.

58) This employment agreement imposed an obligation of good faith and fair dealing between Scheidt & Bachmann and Pascarella.

59) Pascarella questioned Scheidt & Bachmann relative to calculation of bonuses and target goals.

60) Thereafter, Scheidt & Bachmann began questioning Pascarella's use of sick time.

61) Scheidt & Bachmann breached its contractual obligation of good faith and fair dealing to Pascarella when it terminated him in or around August of 2003 without cause and in violation of public policy.

62) Scheidt & Bachmann's breach of implied covenant of good faith and fair dealing caused, or significantly contributed to causing injuries and damages to Pascarella , including but not limited to loss of earnings; loss of employment related opportunities; and pain and suffering, mental anguish, and distress, past present and future, and as such, is entitled to recover damages, interests and costs.

## COUNT VI
### (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

63) Pascarella incorporates allegations 1-62 of this Complaint by reference.

64) Scheidt & Bachmann knew or should have known that Pascarella was ill and was suffering both physical and emotional distress.

65) Scheidt & Bachmann knew or should have known that its conduct including but not limited to instructing Pascarella to use vacation days as sick time and then writing him up for not giving notice that he would be taking vacation time; miscalculating his earnings; would cause Pascarella severe emotional distress.

7

66) As a result of Scheidt & Bachmann's aforementioned conduct, Pascarella has suffered anxiety, stress, sleeplessness and other emotional distress.

67) Pascarella has been damaged as a result of Scheidt & Bachmann's negligent infliction of emotional distress, and as such, is entitled to recover damages, interest and costs.

**WHEREFORE**, Stephen Pascarella respectfully prays that this Court:

a) Enter judgment in his favor on all counts of the Complaint;
b) Award Pascarella damages in an amount to be proven at trial, plus costs and attorneys' fees;
c) Treble the damages caused by Scheidt & Bachmann pursuant to Mass. Gen. L. ch. 93A, sec's 2, 11;
d) Treble the damages caused by Scheidt & Bachmann pursuant to Mass. Gen. L. ch. 149, sec. 148; and
e) Allow Pascarella such other and further relief, as the Court deems just and appropriate.

**PASCARELLA DEMANDS A TRIAL BY JURY ON ALL COUNTS OF THE COMPLAINT.**

Respectfully submitted,
STEPHEN PASCARELLA,
By his Attorney,

Alicia A. McNeil (BBO # 632134)
LAW OFFICES OF ALICIA A. McNEIL
Six Beacon Street, Suite 200
Boston, Massachusetts 02108
Telephone: (617) 263-0123
Facsimile: (617) 263-0404

Dated: August 23, 2004

8